BRYAN SCHRODER
United States Attorney

ANDREA STEWARD
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: aunnie.steward@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No.   3:18-cr-00151-TMB-DMS |
| | ) |
| Plaintiff, | ) |
| | ) **PLEA AGREEMENT** |
| vs. | ) |
| | ) |
| DONNA VUKICH, | ) |
| | ) |
| Defendant. | ) |

> **Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

# I.   SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

## A.   Summary of Agreement

The defendant agrees to plead guilty to the following counts of the Information in this case: Counts 1 and 2; 18 U.S.C. § 666, charging theft concerning a program receiving federal funds, and 26 U.S.C. § 7206(1) charging filing a false tax return, respectively. The parties agree that the defendant's intended loss and restitution is $510,181.56 in this case. The United States agrees not to prosecute the defendant further for any other offense related to the events that resulted in the charges contained in the Information.

The defendant will waive all rights to appeal the convictions and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the convictions and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the pleas.

## B.   Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty pleas if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

//

//

//

United States v. Vukich
3:18-cr-                                    Page 2

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

The defendant agrees to plead guilty to the following counts of the Information:

Count 1: Theft concerning a program receiving federal funds - a violation of Title

18 U.S.C. § 666; and

Count 2: – Filing a false tax return – a violation of Title 26 U.S.C. § 7206(1).

### B. Elements

The elements of the charge to which the defendant is pleading guilty are as

follows:

Count 1: Theft concerning a program receiving federal funds (18 U.S.C. § 666)

1. First, that at the time alleged in the Information, the defendant was an agent of the Naknek Electric Association;
2. Second, that in the one-year period charged in the Information the Naknek Electric Association received benefits in excess of $10,000 from a Federal program involving contracts or from some other form of Federal assistance;
3. Third, that the defendant knowingly converted property to the use of any person other than the rightful owner without authority to do so;
4. Fourth, that the property knowingly converted was under the care, custody or the control of Naknek Electric Association; and
5. Fifth, that the value of the property knowingly converted without authority was at least $5,000.

Count 2: Filing a false tax return (26 U.S.C. § 7206(1))

1. First, the defendant made and subscribed a return, statement, or other document which was false as to a material matter;
2. Second, the return, statement, or other document contained a written declaration that it was made under the penalties of perjury;
3. Third, the defendant did not believe the return, statement, or other document to be true and correct as to every material matter; and
4. Fourth, in filing the false tax return, the defendant acted willfully.

United States v. Vukich
3:18-cr-                                                  Page 3

## C. Factual Basis

The defendant admits the truth of the allegations in Counts 1 and 2 of the Information and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty pleas and for the imposition of the sentence:

From January 2011, through December 2015, Donna Vukich was General Manager of NEA, and as such she was an agent of NEA for purposes of 18 U.S.C. § 666. Naknek Electric Association (NEA) is an electric distribution cooperative located in Naknek, AK that serves more than 600 members in Bristol Bay. During this time, Vukich did knowingly, and without authority, convert property under the custody and control of NEA to her personal use and the use of others. Specifically, Vukich paid for approximately $510,181.56 in unauthorized personal expenses with a company credit card and used NEA funds to pay the credit card bill. Vukich also intentionally filed false tax returns for tax years 2011, 2012, 2013, 2014, and 2015 when she did not declare any of this amount as income.

### Theft concerning a program receiving federal funds (Count 1)

NEA contracted with multiple federal agencies to provide electricity during the continuous period of 2011 through 2015. During this time-period, NEA billed the federal agencies approximately $8 million related to these contracts. As part of her duties as General Manager, Vukich was in possession of a company-owned credit account for the purpose of making business purchases for NEA. Vukich was not authorized to use NEA

funds to pay for personal expenses set out here. Nonetheless, Vukich used the credit card for extensive personal expenditures. The personal expenditures included paying for travel, her daughter's college tuition, cash advances, and entertainment items for her, her family and friends.

As General Manager, Vukich was responsible for the financial reporting of NEA. One of her responsibilities relating to the financial reporting was overseeing the identification of expenditures and assigning the expenses to various general ledger accounts. Vukich maintained the records relating to the use of the NEA credit card. Vukich identified the individual charges on the credit card statements and assigned the charges to the general ledger accounts. Vukich falsely assigned the charges for her personal expenditures to multiple general ledger expense accounts thus concealing the nature of the expenditures.

Other than a few instances where VUKICH used her personal funds to pay toward the credit card balance, her personal expenses on the NEA credit card account were paid using NEA funds. The value of the property knowingly converted by VUKICH to her personal use, and the use of others, without authorization was $510,181.56.

Specific to Count 1, for the tax year 2015, while acting as an agent of NEA, the defendant converted to her own use $139,830.92 of NEA funds without authorization. During that same timeframe NEA received in excess of $10,000 in federal contracts.

//

//

//

United States v. Vukich
3:18-cr-                                      Page 5

### Filing a false tax return (Count 2)

For calendar years 2011 through 2015, VUKICH signed under the penalties of perjury and filed joint personal federal income tax returns. VUKICH knowingly and willfully did not report the amount of the money she had knowingly converted from NEA during those years, as follows:

| TAX YEAR | UNREORTED INCOME | TAX DUE |
|---|---|---|
| 2011 | $39,000.83 | $9,840.71 |
| 2012 | $72,678.21 | $18,659.22 |
| 2013 | $134,382.18 | $36,409.31 |
| 2014 | $124,289.42 | $34,868.96 |
| 2015 | $139,830.92 | $38,910.91 |
| | $510,181.56 | $138,689.11 |

This unreported income resulted in a tax loss to the United States of **$138,689.11.**

Specific to Count 2, on April 3, 2016, within the District of Alaska, defendant willfully made and subscribed to a materially false United States Individual Income Tax Return, Form 1040, for the calendar year 2015, which defendant verified by a written declaration that it was made under penalty of perjury, and filed such tax return with the Internal Revenue Service, which defendant did not believe to be true and correct as to every material matter in that it failed to report the additional income for the 2015 year described herein.

## D. Statutory Penalties and Other Matters Affecting Sentence

### 1. Statutory Penalties

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty pleas, are as follows:

Count 1: Theft concerning a program receiving federal funds - 18 U.S.C. § 666.

> 1) Imprisonment: 10 years;
>
> 2) Fine: the greater of $100,000 or twice the amount obtained in violation of the section;
>
> 3) Supervised Release: 5 years; and
>
> 4) Special Assessment: $100.00

Count 2: – Filing a false tax return – 26 U.S.C. § 7206(1)

> 1) Imprisonment: 3 years;
>
> 2) Fine: $100,000;
>
> 3) Supervised Release: 1 year; and
>
> 4) Special Assessment: $100.00

### 2. Other Matters Affecting Sentence

#### a. Conditions affecting the defendant's sentence

The following conditions may also apply and affect the defendant's sentence:

1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term;

2) pursuant to 18 U.S.C.§ 3612(f), unless otherwise ordered, if the Court imposes a fine

United States v. Vukich
3:18-cr-                                                    Page 7

of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

### b.    Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c.    Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense and will not be permitted to return unless the defendant specifically receives the prior approval of the United States Attorney General.

## E.  Restitution

Defendant agrees to send all payments made pursuant to the Court's restitution

order to the Clerk of the Court at the following address:

United States District Court
222 W. 7th Ave.
Box 4, Rm. 229
Anchorage, AK 99513-7564

The defendant agrees that the Court will order restitution to the following victims in the

amount listed:

### 1.  Theft concerning a program receiving federal funds (Count 1)

a.  The defendant agrees to pay restitution to the Naknek Electrical

Association in the total amount of 510,181.56, pursuant to 18 U.S.C. §

3663(a)(3).

b.  Defendant agrees that the total amount of restitution reflected in this

agreement results from Defendant's fraudulent conduct.

c.  This total amount of restitution consists of the following:

- $39,000.83 for year 2011

- $72,678.21 for year 2012

- $134,382.18 for year 2013

- $124,289.42 for year 2014

- $139,830.92 for year 2015

d.  The defendant has made repayments to Naknek Electrical Association in the

amount of $510,182.00.  Therefore, the amount of restitution outstanding to

Naknek Electric Association has been reduced to $0. Defendant agrees that she will not claim a refund of the payment or otherwise challenge the existence or amount of this restitution amount.

## 2. Filing a false tax return (Count 2)

a. The defendant agrees to pay restitution to the Internal Revenue Service in the total amount of $138,689.11, pursuant to 18 U.S.C. § 3663(a)(3).

b. Defendant agrees that the total amount of restitution reflected in this agreement results from Defendant's fraudulent conduct.

c. This total amount of restitution consists of the following:

   o $9,840.71 for tax year 2011

   o $18,659.22 for tax year 2012

   o $36,409.31 for tax year 2013

   o $34,868.96for tax year 2014

   o $38,910.91 for tax year 2015

d. Defendant agrees to pay Title 26 interest on the restitution amount; interest runs from the last date prescribed for payment of the relevant tax liability until the IRS receives payment in full. The government will provide an updated interest figure at sentencing.

e. Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment

due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

f.  Defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. Defendant understands and agrees that the plea agreement does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from Defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's obligation to pay any remaining civil tax liability. Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution based assessments.

g.  Defendant understands that she is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

United States v. Vukich
3:18-cr-                                        Page 11

h. If full payment cannot be made immediately, Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. Defendant also agrees to provide the above-described information to the probation office.

i. If Defendant makes a payment of the restitution to the IRS prior to sentencing, Defendant agrees that she will sign IRS Form 870, Form 2504, or other appropriate form enabling the IRS to make an immediate assessment of the liability underlying the restitution agreed to in this plea agreement. Defendant agrees that she will not claim a refund of the payment or otherwise challenge the existence or amount of the tax liability underlying the agreed upon restitution . If the amount of restitution to the IRS has not already been reduced to account for any such payments, the government agrees that the amount of the restitution to be ordered by the court shall be reduced by a payment made in conformity with this provision.

j. Defendant agrees to include a request that the Clerk of the Court send the information, along with Defendant's payments, to the IRS address below:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.

Case 3:18-cr-00151-TMB   Document 6   Filed 12/11/18   Page 12 of 21

Kansas City, MO 64108

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offenses to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

### B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

#### 1. Acceptance of responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance

United States v. Vukich
3:18-cr-                                  Page 13

of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

## C. Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

The parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty pleas and the Court's acceptance of the defendant's pleas and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Information in this case and the defendant's admissions set forth in Section II.C.

Provided, however, if the defendant's guilty pleas or sentence are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for

United States v. Vukich
3:18-cr- Page 14

any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that he/she waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a
  counsel appointed at public expense to represent the defendant at trial –
  the defendant is not waiving the right to have counsel continue to
  represent the defendant during the sentencing phase of this case;

- The right to confront and cross examine witnesses against the defendant,
  and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used
  against the defendant, and the right to testify in the defendant's own
  behalf; and

- The right to contest the validity of any searches conducted on the
  defendant's property or person.

## B.    Appellate Rights

The defendant waives the right to appeal the convictions resulting from the entry
of guilty pleas to the charges set forth in this agreement. The defendant further agrees
that if the Court imposes a sentence that does not exceed the statutory maximum penalties
– as set forth in Section II.D above in this agreement, the defendant waives without
exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence
the Court imposes. The defendant understands that this waiver includes, but is not
limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or
supervised release, any fines or restitution, and any and all constitutional or legal
challenges to defendant's convictions and guilty pleas, including arguments that the
statutes to which defendant is pleading guilty are unconstitutional, and any and all claims

United States v. Vukich
3:18-cr-                                          Page 16

that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

By waiving these rights, the defendant understands that the convictions and sentence the Court imposes will be final. No other court will conduct appellate review of the convictions or the sentence.

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

### C.    Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting convictions and/or sentence – including terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty pleas.

United States v. Vukich
3:18-cr-                                            Page 17

### D. Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E. Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees that the statements made by her in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification and express waiver of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f), and is effective upon the Court's acceptance of the guilty plea(s) in this case. This provision applies regardless of whether the Court accepts this plea agreement.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, DONNA VUKICH, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my pleas. There are no other promises, assurances, or agreements the

United States v. Vukich
3:18-cr-                                    Page 18

United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty pleas.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offenses to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

United States v. Vukich
3:18-cr- Page 19

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my pleas. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty pleas. My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Counts 1 and 2 of the Information.

DATED: 11/19/2018

DONNA VUKICH
Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charges to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily

United States v. Vukich
3:18-cr-                                    Page 20

entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: __11 / 21 / 18__

BRIAN HEADY
Attorney for DONNA VUKICH

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: __11 / 26 / 18__

BRYAN SCHRODER
United States of America
United States Attorney