# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Donna Vukich*
Case No. 3:18-cr-00151-TMB-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Donna Vukich's Motion for Early Termination of Supervised Release (the "Motion").[1] Plaintiff United States of America (the "Government") did not file an opposition to the Motion.[2] United States Probation and Pretrial Services ("USPO") supports the Motion.[3] This matter is ripe for resolution.

Vukich moves for early termination of her supervised release based on her continued compliance and behavior.[4] Since Vukich's release to home confinement in September 2020, Vukich asserts, she has completed her community service hours, complied with her supervision conditions, and incurred no violations.[5] She further notes that she has made regular payments toward her restitution, as scheduled by USPO, and has increased her monthly payments for the past year.[6] Vukich considers herself "an excellent candidate for early termination of supervised release" because she "requires very minimal supervision by her USPO" and is "a contributing member of society."[7] She provides letters of support from her employers and evidence of her completed community service hours.[8]

USPO supports the Motion, observing that Vukich "has demonstrated that she is a contributing member of society[,] presents no current risk of danger to the community[, and] has shown to be committed to change and dedicated to long-term stability."[9] Regarding Vukich's outstanding restitution balance, which currently exceeds $140,000, USPO observes that she "has shown consistency in her payments, paying at least once a month since being released to supervision" and that "[o]ther than her outstanding restitution, she has no other outstanding obligations to the

---

[1] Dkt. 54 (Motion).
[2] "The failure to respond to a non-dispositive motion . . . may be deemed an admission that the motion is well taken." L. Civ. R. 7.1(h) ("The District of Alaska Local Civil Rules . . . also apply to criminal proceedings, to the extent not inconsistent with these rules." L. Crim. R. 1.1(b)).
[3] Dkt. 56 (USPO Response).
[4] Dkt. 54 at 1–3.
[5] *Id.* at 2–3.
[6] *Id.* at 3.
[7] *Id.*
[8] *Id.* at 5–14.
[9] Dkt. 56 at 2.

court."[10] Further, USPO notes that the Financial Litigation Program has been notified of Vukich's early termination motion and would continue to ensure that Vukich pays the restitution balance as required.[11]

18 U.S.C. § 3583(e)(1) allows a court—after considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

Having reviewed the briefing in this matter, and considering the factors set forth in 18 U.S.C. § 3553(a), the Court finds that early termination of Vukich's supervised release is warranted at this time.

Accordingly, the Court **GRANTS** the Motion at Docket 54. FURTHER, it is hereby ORDERED that Vukich's term of supervised release is terminated effective the date of this Order.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: January 22, 2024.

---

[10] *Id.* at 1.
[11] *Id.*